# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**CAMIE MCKINLEY**, *on behalf of herself and others similarly situated*,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No._____

**MUR-CI HOMES, INC.,**　　　　　　　**FLSA COLLECTIVE ACTION**
*a Tennessee Non-profit Corporation,*　　**JURY DEMANDED**

    Defendant.

## ORIGINAL COMPLAINT

Plaintiff Camie McKinley, on behalf of herself and others similarly situated Program Leaders, files this Complaint under the Fair Labor Standards Act ("FLSA") against Mur-ci Homes, Inc. ("Defendant") and shows as follows:

### I.　　NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to forty (40) a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing

the requirements of 29 U.S.C. § 207 (a)).

2. Defendant misclassified Plaintiff and the collective class of Program Leaders as exempt from the protections of the FLSA and failed to pay proper regard to the number of hours they actually worked or guarantee proper payment of overtime. Plaintiff and the collective class routinely worked in excess of forty (40) hours per week but were not paid overtime for doing this excessive work. Instead, Defendant misclassified Plaintiff and the collective class as exempt from the protections of the FLSA and failed to pay proper regard to the number of hours they actually worked or guarantee proper payment of overtime.

3. Accordingly, this lawsuit is brought against Defendant as a collective action under the FLSA 29 U.S.C. § 201, *et seq.*, to recover unpaid, unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former Program Leader employees.

## II. PARTIES

4. Plaintiff McKinley is an individual who was employed by Defendant within the meaning of the FLSA within the three (3) year period preceding the filing of this Complaint. Plaintiff McKinley's Consent to Join is attached hereto as *Exhibit A*.

5. Defendant Mur-ci Homes, Inc. is a Tennessee non-profit corporation authorized to do business and that does business in the state of Tennessee. It can be served process through its registered agent: Muc-Ci Homes, Inc., 2984 Baby Ruth Lane, Antioch, Tennessee 37013.

## III. CLASS DESCRIPTION

6. Plaintiff brings this action on behalf herself and of the following similarly situated persons:

> All current and former Program Leader employees of Defendant in Tennessee at any time during the applicable limitations period covered by this Collective Action

Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (Collectively, "the class").

### IV. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the suit arises under 29 U.S.C. § 201, *et seq*.

8. Venue is proper in the Middle District of Tennessee because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this district.

### V. COVERAGE

9. At all material times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the collective class.

10. At all times hereinafter mentioned, Defendant was an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant was an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s) the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff and the collective class were individual

employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## VI. FACTUAL ALLEGATIONS

14. Defendant serves disabled individuals by providing group homes and individualized care.

15. Defendant employed Plaintiff and collective class members and paid them on a salary basis in a scheme to avoid compensating them at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per week.

16. Plaintiff's job title of Program Leader is meant to be a managerial role in which Program Leaders supervise the work performed by Development Technicians. Program Leaders are meant to maintain a watch over all Development Technicians and all activities scheduled for the disabled individuals. Development Technicians are the employees who work side-by-side on the floor with each individual.

17. However, Plaintiff and collective class members are not able to maintain a supervisory role due to staffing shortages.

18. Due to these staffing shortages, Plaintiff and other Program Leaders are required to take up the job duties of Development Technicians, and assist the disabled individuals, working side-by-side for all aspects of the day. This includes, but is not limited to, performing daily activities with them, assisting with meals and snacks, and tending to each individual's cleanliness.

19. Plaintiff and the collective class routinely worked forty (40) to fifty (50) hours per week for Defendant.

20. Plaintiff and the collective class were misclassified as exempt from overtime compensation, paid on a salary basis, and were never paid overtime pay for work over forty

(40) hours in a week as required by the FLSA.

21. At all times, Plaintiff and the collective class were misclassified by Defendant as an exempt employee. However, Plaintiff and the collective class' job duties made them non-exempt employees under the FLSA because they:

    a. did not exercise discretion or independent judgment with respect to matters of significance or in performing her primary duties;

    b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

    c. did not carry out major assignments in conducting the operations of the business;

    d. did not perform work that affects business operations to a substantial degree;

    e. did not have the authority to commit the employer in matters that have significant financial impact;

    f. did not have the authority to waive or deviate from established policies and procedures without prior approval;

    g. did not have the authority to negotiate and bind the company on significant matters;

    h. did not provide consultation or expert advice to management;

    i. was not involved in planning long- or short-term business objectives;

    j. did not investigate or resolve matters of significance on behalf of management; and

    k. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances.

22. Plaintiff was not lawfully compensated for all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA because Defendant misclassified her as exempt from the overtime provisions of the FLSA. Plaintiff and the collective class routinely

worked in excess of forty (40) hours per week but were not paid time-and-one-half their regular rates of pay for all of her overtime hours.

23. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the collective class. Defendant had (a) the sole ability to hire, fire, and disciple employees; (b) the sole ability to direct and supervise employee performance; and (c) the sole ability to affect compensation and benefits.

24. Defendant knowingly, willfully, or with reckless disregard carried out this illegal practice of failing to pay overtime compensation.

## VII. COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

26. Plaintiff believes the definition of the class could be further refined following discovery of Defendant's books and records.

27. The claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

28. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time, Plaintiff believes it can only be ascertained through applicable discovery.

29. Plaintiff's claims are typical of the claims of the collective. Plaintiff and the other members of the collective class work or have worked for Defendant's, primarily performing non-exempt work, and were subject to the same operational, compensation and timekeeping policies and practices, including the erroneous denial of overtime pay. As a result, the claims

of Plaintiff and collective member's claims are unified by common theories of Defendant's FLSA statutory violations.

30. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

    - Whether Plaintiff and other members of the collective's primary job duties were non-managerial;

    - Whether Defendant failed to pay Plaintiff and other members of the collective all overtime compensation due them for all hours worked in excess of forty (40) hours per week within weekly pay period during all times relevant;

    - The correct statutes of limitations for the claims of Plaintiff and other members of the collective class;

    - Whether Plaintiff and other members of the collective are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and

    - Whether Defendant is liable for interest, attorneys' interest, fees, and costs.

31. Plaintiff will fairly and adequately protect the interests of the collective as her interests are aligned with those of the other members of the collective Plaintiff has no interests adverse to the class, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

32. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

## VIII. FIRST CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT
**(On Behalf of The Class)**

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

34. During the relevant period, Defendant violated the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing Plaintiff and the collective class in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating them for their work in excess of forty (40) hours per week at rates no less than one-and-one-half times the regular rates for which they were employed.

35. Defendant acted willfully in failing to pay Plaintiff in accordance with the law.

36. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all times relevant and based on the aforementioned allegations, Defendant had a uniform plan, policy and practice of willfully failing to pay Plaintiff and other members of the collective at the applicable overtime rate for all overtime hours worked.

38. Defendant's failure to overtime was willful and intentional.

39. Due to Defendant's willful FLSA violations, Plaintiff and the other members of the class are entitled, and hereby seek, to recover from Defendant compensation for the aforementioned unpaid wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## IX.  RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and the collective class and for liquidated damages equal in amount

to the unpaid compensation found due to Plaintiff and the collective class;

b. For an Order awarding Plaintiff and the collective class the costs of this action;

c. For an Order awarding Plaintiff and collective class member's their attorneys' fees;

d. For an Order awarding Plaintiff and the collective class pre-judgment (to the extent liquidated damages are not awarded) and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

*/s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
rbryant@jsyc.com
rturner@jsyc.com
rmorelli@jsyc.com

*Attorneys for Plaintiff*

10